UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NINA ROSSI, DESTIN DEFEO, and MARTIN
HERMAN,

                          Plaintiffs,

         – against –

SCI FUNERAL SERVICES OF NEW YORK,
INC., and ALDERWOODS (NEW YORK), LLC,

                        Defendants.

NOT FOR PUBLICATION


**ORDER**


15-CV-473 (ERK) (VMS)


KORMAN, *J.*:

      I adopt Magistrate Judge Scanlon's reasoned and thoughtful Report and Recommendation in this case with regard to the issue of who should decide whether the plaintiffs' claims may proceed on a class basis in arbitration. While this is a very close question with good arguments both ways, I add these brief additional words. The defendants had the complete ability to escape through better drafting the general rule that once a valid arbitration clause exists, its application is for the arbitrator to determine. Indeed, arbitration agreements regularly resolve this issue.

      Magistrate Judge Scanlon also recommended that I dismiss this action without prejudice. I decline to adopt this recommendation. A dismissal of the case, where the parties have agreed to refer all claims to arbitration and a stay has been requested, would be inconsistent with the Second Circuit's holding in *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015). Instead, I order that the case be stayed pending arbitration. Because, with respect to the issue on which I have adopted the recommendation, "there is no controlling Supreme Court or Second Circuit precedent on point and the only available guiding precedent does not cut decisively in either direction," *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014), and because there is a conflict among the circuits on this issue, *compare Chesapeake Appalachia, LLC*

1

*v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016), *and Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594 (6th Cir. 2013) (both holding that the question of the availability of classwide arbitration is a question for the court), *with Robinson v. J&K Admin. Mgmt. Servs., Inc.*, No. 15-10360, 2016 WL 1077102 (5th Cir. Mar. 17, 2016) (holding that the same question is for the arbitrator), I certify this interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b) for the reasons outlined in Judge Nathan's opinion certifying an appeal of the same issue in *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2015 WL 876456 (S.D.N.Y. Mar. 2, 2015).  Specifically, as did Judge Nathan, I frame the question at issue in the order as: who decides—the court or the arbitrator—whether an arbitration agreement permits class arbitration?  I stay the arbitration pending the decision of the Court of Appeals on the defendants' application to appeal pursuant to 28 U.S.C. § 1292(b).  Should the Court of Appeals grant the application, the defendants should seek any further stay from it.

                                        **SO ORDERED.**

Brooklyn, New York
March 25, 2016                          *Edward R. Korman*
                                        Edward R. Korman
                                        United States District Judge